IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 11-30029 |
| | ) | |
| MARGARET A. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

SUE E. MYERSCOUGH, U.S. District Judge:

Following an in camera hearing before the Court on February 19, 2013, during which the Government made of record certain disclosures to counsel for Defendant Margaret Davis, and upon motion of the Government, pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

1.  All of the materials and information provided by the United States during the in camera hearing on February 19, 2013, and all materials and information that the United States will provide subsequent to that hearing that in any way relate to the subject matter of the information disclosed during the hearing (collectively, "the materials") are subject to this protective order and

may be used by Defendant and Defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and Defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, without prior permission of the Court.

3. Certain materials disclosed or to be disclosed by the Government contain particularly sensitive information. These materials shall be plainly marked as sensitive by the Government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than counsel for Defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the Government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal.

4. Defendant, Defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by Defendant's counsel. Such copies and reproductions shall be treated in the same manner as the original materials.

5. The Defendant, Defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the materials and all copies made relating thereto shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the United States. The Court may require a certification as to the disposition of any such materials.

8. To the extent any material is produced by the United States to the Defendant or Defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, Defendant and/or Defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

9. The restrictions set forth in this Order do not apply to information revealed by the United States to third parties without the restrictions imposed by this Order; information known by Defendant or Defendant's counsel prior to commencement of these proceedings; and documents that are or become part of the public court record, including documents that have been received in evidence at other trial, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described above, shall be filed under seal to

the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision herein.

IT IS SO ORDERED.

ENTER: February 22, 2013

FOR THE COURT: <u>s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE